# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOEL ELIAS,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0551** (BOR Appeal No. 2055293)
           (Claim No. 2016000969)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Joel Elias, by Counsel J. Thomas Greene Jr. and T. Colin Greene, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by Counsel David K. Liberati, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no additional permanent partial disability award on January 2, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 22, 2020, Order. The Order was affirmed by the Board of Review on July 7, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Elias, a coal miner, was exposed to hazardous rock dust in the course of his employment for forty years. He underwent spirometry testing at East Ohio Regional Hospital on February 26, 2015. The results showed an FVS of 130% of predicted, FEV1 of 126% of predicted and an FEV1/FVC ration of 71%. It was noted that Mr. Elias was a lifelong nonsmoker and that a chest x-ray showed no parenchymal changes. The claim was held compensable for occupational pneumoconiosis on a nonmedical basis on August 21, 2015.

On December 10, 2015, the Occupational Pneumoconiosis Board found that there was sufficient evidence to find that Mr. Elias had 10% impairment due to occupational pneumoconiosis based on pulmonary testing. It was noted that x-rays showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. The Board performed spirometry testing which showed an FVC of 115% of predicted, an FEV1 of 118% of predicted and an FEV1/FVC of 76%. It was noted that Mr. Elias quit smoking thirty-five years prior after smoking for twelve years. The claims administrator granted a 10% permanent partial disability award for occupational pneumoconiosis on February 8, 2016.

A pulmonary function study was performed at East Ohio Regional Hospital on April 3, 2018, and was interpreted by Attila Lenkey, M.D. It showed an FVC of 122% of predicted, an FEV1 of 117% of predicted, and an FEV1/FVC of 71. An x-ray performed that day was interpreted by Jeffrey Unger, M.D., as showing no parenchymal or pleural abnormalities consistent with occupational pneumoconiosis. Dr. Lenkey provided a report indicating that Mr. Elias had over thirty years of exposure to occupational dust hazards and was previously awarded a 10% permanent partial disability award. Dr. Lenkey concluded that there was no real worsening in Mr. Elias's condition seen on x-rays. However, he recommended 15% impairment based on pulmonary testing.

The Occupational Pneumoconiosis Board examined Mr. Elias and found sufficient evidence to justify a diagnosis of occupational pneumoconiosis with no more than 10% impairment on November 1, 2018. It was noted that x-rays were taken that day and compared to December 10, 2015, x-rays. The Board concluded that the x-rays showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. The Board performed spirometry testing which showed an FVC of 110% of predicted, an FEV1 of 116% of predicted, and an

FEV1/FVC ratio of 72%. The claims administrator found Mr. Elias was fully compensated by a prior 10% permanent partial disability award for occupational pneumoconiosis on January 2, 2019.

Jack Kinder, M.D., testified in a hearing on behalf of the Occupational Pneumoconiosis Board on June 5, 2019. He opined that based on diffusion studies, Mr. Elias has 10% impairment due to occupational pneumoconiosis. Dr. Kinder stated that he reviewed the pulmonary function studies performed by Dr. Lenkey and found that the volumes measured were high. When super volume was accounted for, the findings represent 10% impairment. Dr. Kinder testified that the diffusion studies performed at East Ohio Regional Hospital indicate 25% to 30% impairment however, the flow in the study was much less than the flow in the study performed by the Occupational Pneumoconiosis Board. Dr. Kinder opined that the Board's study was more accurate.

The Office of Judges affirmed the claims administrator's decision finding that Mr. Elias was fully compensated by a prior 10% permanent partial disability award in its April 22, 2020, Order. The Office of Judges found that the Occupational Pneumoconiosis Board examined Mr. Elias twice and found on both occasions that he had 10% impairment based on diffusion studies. X-rays failed to show sufficient evidence of occupational pneumoconiosis. Mr. Elias was also evaluated by Dr. Lenkey at East Ohio Regional Hospital who opined that his pulmonary testing results showed 15% impairment. X-rays again showed insufficient evidence of occupational pneumoconiosis. The Office of Judges noted that Dr. Kinder testified in a hearing that he reviewed Dr. Lenkey's pulmonary study and findings and opined that the volume measurements were high. Dr. Kinder opined that when super volume was accounted for, the study shows only 10% impairment, not 15% as opined by Dr. Lenkey. Further, the blood gas study performed at East Ohio Regional Hospital shows no more than 10% impairment. Lastly, Dr. Kinder opined that the diffusion study performed by the Occupational Pneumoconiosis Board had better volumes than the study performed by East Ohio Regional. The Office of Judges therefore concluded that Mr. Elias failed to show that the Occupational Pneumoconiosis Board's finding of 10% impairment was clearly wrong. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 7, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-6a, provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Mr. Elias has failed to present sufficient evidence to show that the Office of Judges, and by extension the Board of Review, erred in affirming the claims administrator's denial of an award for occupational pneumoconiosis.

Affirmed.

**ISSUED: November 5, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton